## DURDIN v. BARR.

### No. 10672.

Court of Civil Appeals of Texas. Galveston.

Oct. 6, 1938.

Rehearing Denied Nov. 17, 1938.

John H. Benckenstein, of Beaumont, for appellant.

H. J. Bernard, of Houston, for appellee.

GRAVES, Justice.

Under the disposition determined upon for this appeal no written opinion is required of this court, but in deference to the counsel for both sides who have so helpfully briefed and argued it, this statement of the general ground upon which an affirmance of the trial court's judgment is based will be made:

Appellant and appellee were engaged, as partners, in the operation of a lunch-stand and beer-saloon, known as the D. & D. Sandwich Shop. They also sold alcoholic beverages in violation of the laws of the State of Texas. While so engaged, they paid to the United States Government the sum of five hundred seventy-three dollars and thirty-five cents ($573.35) as a special excise-tax. This tax was imposed under Section 206, Title 26, U.S.C.A., 26 U.S.C.A. § 1395, against all persons who were engaged in the liquor traffic in violation of the laws of the state or community where such business was operated. Appellant sold all of his interest in the business to appellee for $600. Later, the Supreme Court of the United States held that the special excise-tax which they had paid was unconstitutional. U. S. v. Constantine, 296 U.S. 287, 56 S.Ct. 223, 80 L.Ed. 233. Appellant and appellee each made a claim for refund. The refund was allowed and a voucher of the Federal Gov-

ernment was issued, payable to Barr and Durdin as partners. Appellee claimed ownership of the entire amount on the ground that he had purchased the interest of appellant and that the refund constituted a part of the bills receivable which had been conveyed to him in the sale, and appellant claimed that one-half of the refund belonged to him. Appellee filed his suit in the county court of Chambers County to recover title to the refund voucher, and judgment was rendered for appellee.

In inveighing against the adverse judgment, appellant's main contentions on appeal are:

(1) That the refund check involved represents the consideration for an illegal contract between himself and the appellee, wherefore the latter is barred under the laws of Texas from bringing this suit, whose courts can never take nor hold jurisdiction of the subject matter thereof;

(2) That the check did not constitute such a part of the assets of the partnership between these parties as had been so sold by the one to the other.

This court cannot see eye to eye with him on either presentment; in the first place, the check did not represent the consideration for an illegal contract between the appellant and appellee, because the evidence shows they had none concerning it—that if any contract at all existed it was one between them, as partners, on the one side, and the Government of the United States on the other—that is, if any illegal relationship existed it was solely between them as an entity as one party and the Federal Government in like capacity as the other; the undisputed testimony being to the effect that they had jointly, as partners, originally paid this money, that was thereafter so refunded, to the revenue officers of the Federal Government out of the proceeds of their business as a special tax which the Federal Supreme Court later determined to be an invalid one.

In the second place, there was no partition of the assets as in a dissolution of the partnership; but there was an absolute and unqualified sale by appellant to appellee, in which all of the assets, including all bills receivable, were sold by appellant to appellee. This refund from the Federal Government was a part of the bills receivable, which were purchased by appellee; in other words, the testimony reveals an absolute sale of appellant's interest to appellee in the merchandise, fixtures, and accounts receivable and payable, after their bank account had been equally divided between them, and after the appellee had assumed the payment of all the firm's debts, wherefore the entire refund was properly held to have become the property of the appellee.

Finally, the evidence also discloses that at the time of such sale and purchase between them, they both knew all the facts about the then pending efforts being made to get such a refund from the Government, and mutually took into consideration the probability or prospect of succeeding in that effort, in agreeing upon the disposition they so made.

Without further discussion, an affirmance will be ordered.

Affirmed.

PLEASANTS, C. J., absent.