## BROWN v. WARNER.

## WARNER v. BROWN.

### No. 12217.

United States Court of Appeals
Fifth Circuit.
March 8, 1949.

Rehearing Denied April 4, 1949.

Otis Bowyer, Jr., of Dallas, Tex., for appellant.

Wm. Madden Hill, of Dallas, Tex., for appellee.

Before HUTCHESON, HOLMES, and LEE, Circuit Judges.

HUTCHESON, Circuit Judge.

This appeal and cross-appeal bring up controversies between two stockholders in Big State Vending Company, a corporation engaged generally in manufacturing and selling vending machines. They began in a suit by appellee on a promissory note for $4000.

Appellant, admitting its execution, denied liability on it, and, by cross-action, sued for sums in excess of appellee's claim against her.

Her defenses to the note were: that it had been given for appellee's one-third of the stock in the company, of which appellee was president; that the stock was worthless and known by appellee to be so; that she had been induced by fraud to buy the stock and execute the note; and that there was a total failure of consideration.

Her cross-action was for amounts claimed to be due to her for monies advanced by her to the corporation upon the understanding that, if the corporation didn't pay it, each stockholder would be liable for the advance in proportion to his interest in the company, and there was also a claim for damages for fraud and over-reaching.

Appellee denied all the charges of fraud and over-reaching, and all of appellant's claims by way of cross-bill.

The cause was tried to the court without a jury, and there was a judgment for appellee for part of his demand, to-wit, $2,656.59, including therein principal, interest, and $200 attorney's fees, and against appellant on her cross-action, except as indicated by the reduced amount awarded appellee.

[12] Kimm v. Cox, 8 Cir., 130 F.2d 721; Goldstein v. Polakof, 9 Cir., 135 F.2d 45.

This was based on findings: that appellant was from the beginning an equal owner with appellee and another of the stock in the corporation; that she was treasurer and secretary of the corporation, and as such was fully acquainted with its business and purpose; that no fraud was practiced upon appellant either in regard to the execution of the note or in any other respect; that the parties had agreed in writing that if money was advanced by one of them to the corporation, the borrowing should be done upon notes of the corporation signed by the three of them; "that, in pursuance of that agreement, stockholder Brown did lend certain sums to the corporation, for which she is entitled to be credited"; and that the amount appellee was found entitled to recover represented the amount sued 'for by him less the amount found due appellant on her cross-bill.

Appellant has appealed from the judgment, and appellee has cross-appealed. Here, abandoning the defenses to the note which she had urged below, appellant defends against it on the ground that the note was given for stock in a corporation formed and operated for the purpose of the manufacture, sale, ownership, and distribution of gambling devices, and was, therefore, unenforceable and void.

As to her cross-action, she claims as error, without arguing and explaining why, that she was not awarded judgment for the sum she claimed, $25,523.42.

As to the main appeal, appellee, pointing out that the defense was not specially pleaded,[1] or otherwise raised below, insists that it may not be urged here. Further, pointing to the absence of proof in the record to support the allegation that the corporation was formed and operated as an illegal enterprise, and to the law that if there were such proof it would not defeat his suit, because in suing on the note it was not necessary "for the plaintiff to prove as part of his cause of action his own illegal transaction * * * it being sufficient if his cause of action is not essentially founded upon something which is illegal",[2] he insists that the defense is without support in fact or in law.

As to his cross-appeal, appellee points to the fact that the signed agreement[3] of the stockholders, to which the court refers, provides that "in the event of the failure of the corporation to pay" an advance made by one of them, evidenced by the corporation's note signed as agreed, the undersigned will share the loss by paying to the owner of the note one-third of such loss, that is one-third of such amount as the corporation fails to pay, and to the absence of proof that there has been any loss on account of the advances. In so pointing, he insists that the court's finding that appellant was entitled to a credit on the note for loss by her on account of advances to the corporation is wholly unsupported by proof.

---

[1] "a party shall set forth affirmatively * * * illegality * * * and any other matter constituting an avoidance or affirmative defense." Rule 8(c), Federal Rules of Civil Procedure, 28 U.S.C.A.

[2] Sharp v. Beacon Oil & Ref. Co., Tex.Civ.App., 108 S.W.2d 870; Durdin v. Barr, Tex.Civ.App., 121 S.W.2d 420; Pioneer Mut. Comp. Co. v. Diaz, 142 Tex. 184, 177 S.W.2d 202; John Hancock Mut. Life Ins. Co. v. Houston, Tex.Civ. App., 76 S.W.2d 176.

[3] "The State of Texas,
"County of Dallas.
"This agreement made by and between R. H. Warner, A. A. Guarnera and L. O. Brown, in connection with the incorporation of Big State Vending Co., Inc. of Dallas, Texas, Witnesseth:
"The Parties recognize that in order to properly expand the corporation's business, money must be borrowed from individuals or banks. For their mutual protection and benefit they agree:
"1. All money borrowed by the corporation from individuals or banks shall be evidenced by the corporation's notes signed by each of the above named persons as officers thereof.
"2. In the event of the failure of the corporation to pay any such note or notes that may be made to any of the undersigned for money borrowed from them by the corporation at any time that all of the undersigned own stock therein, the undersigned will each share the loss by paying to the owner of said note one-third of such loss, that is, one-third of such amount as the corporation does not pay.
"Witness Our Hands this 20th day of Aug., 1946.
"R. H. Warner,
"A. A. Guarnera,
"L. O. Brown."

164

■ We agree with appellee that the defense of illegality, unsupported as it is by either pleading or proof, was not made out below, and may not be urged here. We agree with him, too, that, because there was no proof that the corporation had failed to pay notes signed as agreed and there was loss on account thereof, the allowance against appellee's recovery of credits to appellant on account of monies advanced by her to the corporation finds no support in the record. The judgment, therefore, must be reformed to allow recovery of the full amount of the note with interest and attorney's fees, without prejudice, however, to appellant's right to hold appellee Warner liable for, and recover from him, one-third of any loss she may suffer or may have suffered by failure of the corporation to pay any note or notes signed as agreed.

Reformed and affirmed.